Mr. Linton S. Waterhouse Attorney Laurel Hills Water and Reclamation District 219-221 North Magnolia Avenue Post Office Box 1527 Orlando, Florida 32802
Dear Mr. Waterhouse:
This is in response to your request for an opinion on substantially the following questions:
 1. DOES A WATER CONTROL DISTRICT CREATED PURSUANT TO CH. 298, F.S., HAVE THE AUTHORITY TO DISSOLVE SAID DISTRICT IN ACCORDANCE WITH THE DISSOLUTION PROCEDURE IN s 165.051(1)(b) OF THE FORMATION OF LOCAL GOVERNMENTS ACT, CH. 165, F.S.?
 2. IF THE ANSWER TO THE FOREGOING QUESTION IS IN THE AFFIRMATIVE, PLEASE CLARIFY THE PROVISIONS OF s 165.051(2), F.S., RELATING TO THE SPECIAL ELECTION PROCEDURE AND TIME INTERVAL.
The Formation of Local Governments Act, Ch. 165, F.S., sets forth the exclusive procedure pursuant to general law for forming or dissolving municipalities and special districts in this state except in those counties operating under a home rule charter which provides for an exclusive method as authorized by s 6(e), Art. VIII, State Const. See, s 165.022, F.S. Section 165.031(5) F.S., defines, for the purposes of Ch. 165, supra, the term `special district', as follows:
 `Special district' means a local unit of special government created pursuant to general or special law for the purposes of performing prescribed, specialized functions within limited boundaries.
It appears fairly clear that a water control district created pursuant to s 298.01, F.S., is a `special district' as defined by s 165.031(5), F.S. See, AGO 075-108, wherein it was opined that a water management district created pursuant to s 298.01, F.S. (1973) is a `special district' as defined by s 165.031(5), F.S. See also, AGO 075-27, relating to a mosquito control district created pursuant to general law. Both of the above cited opinions also stated that the districts there at issue were subject to the exclusive procedure set out in Ch. 165, F.S., for forming or dissolving special districts. See also, s 165.061(4), F.S., which sets out certain conditions to dissolution of a special district. Provided that the mandatory conditions prescribed in s 165.061(4), F.S., are satisfied, your first question is answered in the affirmative.
Section 165.051(1), F.S., in pertinent part, provides that the charter of any existing special district may be revoked and the special district dissolved by either a special act of the Legislature or an ordinance of the governing body of the special district approved by a vote of qualified voters. Thus, s165.051(1), supra, provides alternative means for dissolution of the special district at issue herein. A special act of the Legislature is not necessarily mandated by the statute. The special district presently at issue may be dissolved by an ordinance of the governing body of said special district which must be approved by the qualified voters, providing that the dissolution meets the conditions set forth in s 165.061(4), F.S. Subsection (2) of s 165.051, F.S., sets forth the procedural aspects regarding voter approval that must be utilized if the special district is to be dissolved by ordinance of the governing body of the special district. It is also this subsection that you seek to have clarified.
In clarification of the provisions of s 165.051(2), F.S., I will paraphrase the text of said statutory provision as construed and interpreted by this office in light of the form in which it was originally enacted and punctuated by Ch. 74-192, Laws of Florida. Section 165.051(2), F.S., provides that if a vote of the qualified voters is required ( i.e., when dissolution of the special district is sought to be accomplished by ordinance pursuant to s165.051[1][b], F.S.), the governing body of the special district shall set the date of the election which shall be the next regularly scheduled election, or a special election held prior to the next regularly scheduled election if approved by a majority of the members of the governing body of each governmental unit affected, but no sooner than 30 days after passage of the ordinance. If the special district governing body does not act to set the date of the election within 30 days of the passage of the ordinance, the governing body of the county or counties in which the special district is located shall set the date of the election which, again, shall be the next regularly scheduled election, or a special election held prior to such regularly scheduled election if approved by a majority of the members of the governing body of each governmental unit affected, but no sooner than 30 days after passage of the ordinance. In order to set the date for voter approval at a special election prior to the next regularly scheduled election, approval by a majority of the members of the governing body of each governmental unit affected is required, i.e., the governing body of the county or counties in which the special district is located and the governing body of the special district. See also, ss 100.151, 101.161, F.S. The date set for the election to obtain the required approval of the ordinance by the ordinance of the governing body of the special adoption of the ordinance of the governing body of the special district dissolving said district. This 30 days time limitation applies for both the next regularly scheduled election or a special election held prior to the next regularly scheduled election. In other words, voter approval of the ordinance must not be sought in either event until 30 days have elapsed since adoption of the ordinance by the governing body of the special district. Notice of the election must be published at least once a week for 4 successive weeks prior to the election in a newspaper of general circulation in the special district.
Briefly, the special election procedure and time interval is subject to two requirements: (1) a special election held prior to the next regularly scheduled election can be no sooner than 30 days after adoption of the ordinance of the governing body of the special district; and (2) the date set for the special election must be approved by a majority of the members of the governing body of each governmental unit affected, i.e., the governing body of the county or counties in which the special district is located and the governing body of the special district at issue.
In summary, unless and until legislatively or judicially determined otherwise, a water control district created pursuant to Ch. 298, F.S., constitutes a special district within the definitional purview of s 165.031(5), F.S., and therefore its governing body has the authority to dissolve said district by ordinance, approved by a vote of the district's qualified voters, in accordance with the dissolution procedures of $165.051(1)(b) and (2), F.S. Pursuant to s 165.051(1), F.S., dissolution of a water control district may be accomplished by either special act of the Legislature or ordinance of the governing body of the district approved by the qualified voters. Voter approval of the ordinance, however, must not be sought sooner than 30 days after adoption of the ordinance by the governing body of the district. In addition to the aforesaid time limitation which is applicable to any regularly scheduled or special election held to obtain voter approval of the ordinance, the date set for a special election to be held prior to the next regularly scheduled election must be approved by a majority of the members of the governing body of each governmental unit affected, i.e., the governing body of the county or counties in which the special district is located and the governing body of the special district at issue.
Sincerely,
Jim Smith, Attorney General
Prepared by: Linda Lettera, Assistant Attorney General